Curia, per Woodworth, J.
The plaintiff declared in assumpsit, on a promise to indemnify him to take possession of a fishing ground in possession of one Mason.
The promise was sufficiently proved.
It appeared at the trial, that the plaintiff was employed by the defendant to take possession; that he engaged a number of persons under him; that possession was taken in a peaceable manner by drawing the seirie aroünd it; that no damage was done to any person or property; that after they had taken possession, Mason came and attempted to cut their ropes; that they resisted and prevented him from destroying their seine, but did no injury to him or his property'. Evidence was offered, to show that one Hounsfield was the reputed owner, and the defendant the reputed agent, and that the plaintiff so considered him ; but the promise was express by the' defendant that' tie Would indemnify; and no evidence was adduced to prove the fact of his agency. General reputation was alone relied upon.
It appears to me, that the plaintiff looked to the defendant for indemnity ; and that' it was intended he" should be finally responsible.
*Mason sued Staleft and Winch, two of the persons concerned with the plaintiff, and recovered. Stalén sued the plaintiff and recovered on his (the plaintiff’s) promise of indemnity. This judgment the plaintiff paid. Masón also sued E. Sawyer and E. Sawyer junior, for the same caus'e, and obtained judgment by confession, for $149 79, damages and costs. This judgment Was objected to, on the ground that it was by confession. The Counsel for the plaintiff and defendants in this last suit were examined as witnesses ; and by' their testimony it appeared that, all the suits commenced by Mason, depended on the s'artie facts and the same principles of law; that afterthe first suit was tried, it would .have been a useless expense to contest the others; and that if the cause had been tried, a greater sum *164 would have been recovered than the amount of the cognovit. It also appeared that the defendant had notice of the causes; and was requested to attend to the defence ; but did not.
The plaintiif then produced the record of the recovery of a judgment against him, in favor of E. Sawyer, for $142 44 damages, and $40 56 costs, founded on the promise of the plaintiff to indemnify him for the trespass. This judgment the plaintiif had paid.
The jury found a verdict for the plaintiff.
The promise to indemnify being established, and that promise relating to, and binding the defendant personally, there remain two questions to be considered;
1. Whether the promise was to indemnify against an unlawful act ? If not, then,
2. Whether the defendant is liable in consequence of the recovery of the judgment of Mason against the Sawyers; that judgment having been obtained by confession ?
As to the first, it is quite clear that the promise is valid. In Coventry v. Barton, (17 John. 142,) the law in relation to this point appears to be fully settled. The distinction taken between promises of indemnity that are, and those which are not void, is this : If the act directed or agreed to be done, is known at the time to be a trespass, an express promise to indemnify would be illegal and void ; but if it was not known at the time to be a trespass, the promise of indemnity is a *good and valid promise. [1] For this, Cowp. 343 is cited. So also in Allaire v. Ouland, (2 John. Cas. 54,) a similar principle is recognized. One point there decided was, that where the principal directed his servant to enter into the locus in quo, claiming and declaring it to be his own, and the servant, relying on the truth of the declaration, did enter, but in fact the locus belonged to another person, and the entry was a trespass, yet the act of the servant was lawful, and a good consideration for the promise to indemnify.
In this case there is no evidence to show' the plaintiff *165 knew that the entry would be a trespass, nor that Mason had any well founded claim to the premises. He is consequently entitled to the protection afforded by the defendant’s promise.
The next point is, as to the recovery of the judgment by cognovit; and here, it seems to me the question is, has enough been shown to satisfy the court that Mason was entitled to so large a recovery 1 This is undoubtedly necessary for the plaintiff to show. That Mason was entitled to a judgment, we may well presume ; for on the same state of facts he had previously recovered in a court of competent jurisdiction, a judgment against a co-trespasser. The counsel for Mason testified, and was not objected to, that if the cause had been tried, a larger sum would, in the opinion of the witness, have been recovered. No contradictory proof was offered. The defendants in that cause acted with good faith. They availed themselves of the most favorable terms as they supposed ; such terms as they undoubtedly would have acceded to, had there been no claim of a recovery over. The defendant in this cause, although notified, appears to have abandoned the defence. Under all these circumstances, were not the defendants warranted in taking the course they did ? I think they were, inasmuch as, in the absence of counter proof, it may be fairly presumed that the acceptance of a cognovit by Mason for $100, the amount of damages, was more favorable to the defendant than a trial, had it taken place.
On principle then, this must be considered as obligatory on the defendant; it satisfactorily appearing that Mason’s claim for damages more than equalled the cognovit.
*In Hamilton v. Cutts and others, (4 Mass. Rep. 349,) the action was on a covenant of warranty of lands. The plaintiff had permitted the person who claimed the land to take possession on the ground of a paramount title ; and then prosecuted the representatives of his grantor, to recover damages. There had been no evidence of a legal ouster. Chief Justice Parsons, in giving the opinion of the court, answers the objection by saying “ the tenant may yield to a dispossession without losing his remedy on the covenant *166 of warranty. There is n,o necessity for him to involve himself in a lawsuit, to defend against a title which he is satisfied njjisl ultimately prevail. But he consents at his own peril. If the title to which he has yielded be not good he must abide the loss ; and in a suit against his warrantor, the, burthen of proof will he on the plaintiff.”
This doctrine appears to me to be sound, and applicable to the case under consideration. The defendants in the suit commenced by Mbson, were not bound to go through the form of a trial, which there is ground to believe would have resulted in a heavier judgment. It is admitted that the cognovit was given at their peril, so far as respects the question of a recovery over. The burthen of proof lies with the now plaintiff, to show that, under the circumstances of the case, the step taken did not exonerate the defendant. I think he has done so ; and that the motion for a new trial must he denied.
New trial denied.

 Kneeland v. Rogers, 1 Hall, 579. Compston v. Lambert, 18 Ohio Rep. 81, 85.