AUGUSTUS C. KELLOG, EXECUTOR OF EDWARD N. KEL-
LOG, DECEASED, v. EBENEZER PLATT, EXECUTOR OF
CHARLES DAVIS, DECEASED.

1. By the weight of authority or upon principle, it cannot be held that an eviction by ejecting the covenantee from the actual possession of the premises, whether by process of law or otherwise, is necessary to complete his remedy upon his covenant of warranty.

2. What shall be deemed a sufficient ouster or disturbance to sustain an action on the covenant of warranty, notwithstanding there was no actual dispossession, considered.

3. The existence of a paramount title, and the acquisition of it by the covenantee by purchase, of his mere volition, will not amount to a constructive eviction sufficient to support an action on the covenant of warranty.

4. It is obviously a question of fact whether the possession of the covenantee has been transferred from his elder title to the newer and better title, which he has acquired by purchase, under such circumstances as that he may be said to have suffered an involuntary loss of possession, tantamount to an eviction therefrom.

5. An eviction by title paramount must be averred in the declaration, but no formal words are prescribed with which the averment shall be made.

6. It is an established rule, that all things should be pleaded according to their legal effect.

7. If the declaration be defective in this respect, the defect is not fatal on general demurrer if the matters of fact averred, in substance, show an eviction tantamount to a breach of the covenant relied on.

On demurrer to the plaintiff's declaration.

Charles Davis, on the 10th of November, 1857, sold and conveyed to one Thomas M. Newbold, a tract of land situate in the county of Union, by deed of conveyance containing the usual covenants. On the 21st of December, 1859, Newbold conveyed the same premises to Edward N. Kellog. The title to a portion of the premises conveyed having failed by reason of paramount title being in one George H. Lee at the time of the conveyance by Davis to Newbold, the plaintiff, as executor of Kellog, brought an action of covenant against the defendant as executor of Davis to recover damages for the breach of the covenant of warranty, and a demurrer was filed to the plaintiff's declaration.

Argued at February Term, 1869, before the CHIEF JUSTICE, and Justices DALRIMPLE and DEPUE.

For plaintiff, *C. Parker*.

For defendant, *J. G. Shipman*.

DEPUE, J  The covenant which is sued on, is that contained in the deed of conveyance made by the said Charles Davis to Newbold. The declaration charges "that the said Davis did, in and by the said indenture, for himself, his heirs, executors, and administrators, amongst other things, covenant and grant to and with the said Newbold, and his heirs and assigns, that he, the said Davis, would warrant, secure, and forever defend the said land and premises, unto the said Newbold and his heirs and assigns forever, against the lawful claims and demands of all and every person and persons, freely and clearly freed and discharged of and from all manner of encumbrances whatsoever."

This language embraces two distinct covenants; the one a covenant against encumbrances, which, if the premises are

encumbered, is broken as soon as made, and will not attend the inheritance; and the other a covenant of warranty, running with the land, the benefit of which passes with the premises to any subsequent grantee. *Garrison* v. *Sandford*, 7 *Halst.* 261; *Carter* v. *Executors of Denman*, 3 *Zab.* 260; *Hall* v. *Dean*, 13 *J. R.* 105.

Inasmuch as the covenant of warranty runs with the land, the right to sue on it is transferred to each successive transferee, who is in possession of the same estate as the original covenantee was. It is not essential to this succession of the subsequent owner, to the rights of the original covenantee, under the covenant, that the intermediate conveyances should contain any covenants whatever. The benefit of the covenant will pass by a conveyance under a sheriff's sale by virtue of process of execution, or by a deed of quit-claim, without any covenants. *Carter* v. *Executors of Denman; White* v. *Whitney*, 3 *Metc.* 81; *Hunt* v. *Amidon*, 4 *Hill* 345; *Fowler* v. *Poling*, 6 *Barb.* 165; 1 *Smith's L. C.* (123) 141. The averment in the declaration of the conveyance by the said Newbold to Edward N. Kellog, in his lifetime, of the said lands and premises, is a sufficient averment of his title to enable his personal representative to sue for a breach, which occurred in his lifetime.

The breach assigned in the first count in the declaration consists of an averment, that before and at the time of the making and delivery of the deed of conveyance by the said Davis to Newbold, one George H. Lee was seized in fee simple, and entitled to two acres and ninety-three hundredths of an acre, part and parcel of the premises conveyed, and that the said Lee being so seized, did afterwards, on the 12th of August, 1865, demand possession thereof from the said Kellog, and did threaten to bring an action at law therefor, and dispossess him, whereupon and whereby the said Kellog, in his lifetime, was compelled to buy, and did buy of the said Lee, the parcel whereof he was seized as aforesaid, and was compelled to pay, and did pay him therefor, the sum of two thousand dollars, for which consideration

Lee granted and conveyed the said two acres and ninety-three hundredths of an acre to the said Kellog.

The breach in the second count is in substance the same, except that instead of the allegation that Kellog was compelled to buy, the averment is that Davis had notice of the seizin of Lee, and of his intention to assert his title, and that thereupon the said Davis acceded to the claim of the said Lee, and requested the said Kellog to buy of him the said parcel, so by him demanded and claimed, and did thereupon promise and agree to pay him, the said Kellog, as and for the damages due the said Kellog, by reason of the breach of the covenant aforesaid, so much money as the lawful conveyance thereof should cost the said Kellog, with an averment that he, the said Kellog, in his lifetime, did procure such conveyance in fee, and that he was compelled to pay, and did pay therefor the sum of two thousand dollars.

It is insisted by the defendant's counsel, that in neither count is the breach assigned sufficient to support an action on a covenant of warranty. The insistment is, that an averment of seizin in the adverse owner by title paramount, and an eviction by him, are essential to perfect a right of action on a covenant of warranty, and that, consequently, such seizin and eviction must be averred.

In an early case, in the State of New York, (*Lansing* v. *Van Alstyne,* cited 2 *Wend.* 563 *note,*) it was said by Savage, C. J., that, to constitute an eviction by a stranger, there must be a disturbance of the possession, under a paramount title, by due process of law. The reporter's head note to the case of *Stewart* v. *Drake,* 4 *Halst.* 139, represents the decision of this court to have been in accordance with this statement of the rule. This head note is not warranted by the opinion of the court, nor was the adoption of any such principle necessary to the decision of the cause. In that case, there was a subsisting mortgage on the premises at the time of the conveyance, which was foreclosed, and, upon the decree of foreclosure, an execution was issued, under which the premises were sold, and a conveyance thereof made to

the son-in-law of the covenantee, who was then in possession as his tenant, and by whom they were conveyed to a third person, who thereupon entered into actual possession. There had been an actual eviction of the plaintiff from the premises, and the expression in the opinion of the Chief Justice, which furnished the materials for the reporter's head note, was merely a statement of the principle which had been advanced in the New York cases. The rule he lays down is, that to constitute a breach, there must be a lawful eviction, or a disturbance of the possession. In this language, the rule is frequently stated in the text books. The doctrine in the New York case cited has been overruled in the same court, (*Greenwall* v. *Davis*, 4 *Hill* 643,) and has been so generally denied, that there can hardly be said to be a class of cases, now entitled to rank as authority, which hold that an actual dispossession by process of law, consequent upon a judgment, is necessary to a breach of a covenant of warranty. *Rawle on Covenants* 257.

By the weight of authority, or upon principle, it cannot be held that an eviction by ejecting the covenantee from the actual possession of the premises, whether by process of law or otherwise, is necessary to complete his remedy upon his covenant of warranty. Generally, in books of authority, the words ouster, or eviction, are used in this connection in a qualified sense, different from the ordinary acceptation of those terms. This circumstance has given rise to much of the confusion that exists on this subject. An illustration of this use of these words is furnished by Professor Greenleaf in his work on Evidence. His language is: "A breach of this covenant" (of warranty) "is proved only by evidence of an *actual ouster* or *eviction ;* but it need not be with force, for, if it appears that the covenantee has quietly yielded to a paramount title, whether derived from a stranger or from the same grantor, either by giving up the possession or by becoming the tenant of the rightful claimant, or has purchased the better title, it is sufficient." 2 *Greenl. on Ev.*, § 244. With more accuracy, Mr. Rawle considers the

subject under two principal heads : first, where the dispossession is actual, and, secondly, where there is a virtual or constructive eviction. *Rawle on Covenants* 256. In *Carter* v. *Executors of Denman*, Chief Justice Green states the rule to be, that to sustain an action on the covenant of warranty, or for quiet enjoyment, there must be either an actual eviction, or a disturbance of title or possession by paramount title tantamount to an eviction ; thus, in effect, adopting the same classification that is made by Mr. Rawle. Thus far, the later authorities seem to be agreed. But the difficulty is in determining what facts are essential to a virtual or constructive eviction, or are tantamount to an eviction.

This dispossession may be voluntary on the part of the covenantee, who may surrender or abandon the premises to the holder of the paramount title, without losing his remedy on the covenant of warranty. *Hamilton* v. *Cutts*, 4 *Mass.* 349 ; *Stone* v. *Hooker*, 9 *Cow.* 153 ; *Greenvault* v. *Davis*, 4 *Hill* 643 ; *Fowler* v. *Poling*, 6 *Barb.* 165 ; *Foster* v. *Pierson*, 4 *T. R.* 617 ; *Rawle on Covenants* 262–265 (249). A sale, under process of execution under an attachment, prior to the conveyance, is equivalent to an eviction, and entitles the grantee to an action on his covenant, although he became himself the purchaser at the sale, and remains in possession by virtue of the title he acquired by such purchase. *Whitney* v. *Dinsman*, 6 *Cush.* 124 ; *Brown* v. *Dickinson*, 12 *Penn.* (2 *Jones*) 372 ; *Rawle on Covenants* 284. An adjudication in a suit in chancery, that a mortgage is a valid encumbrance, is tantamount to an eviction, though the amount due on the mortgage was not definitely ascertained in the chancery suit. *Boyd* v. *Bartlett*, 36 *Vt.* 9. In *Turner* v. *Goodrich*, 3 *Deane* (*Vt.*) 709, a suit was brought upon the elder and better title to recover the possession of the covenantee, and before final judgment, the covenantee, to prevent being dispossessed, purchased in the title at a fair rate. It was held that such purchase, by way of extinguishment in connection with the prosecution of the suit, amounted to an eviction

sufficient to support an action on the covenant of warranty. In *Sprague* v. *Baker*, 17 *Mass.* 586, the premises, when conveyed, were subject to a mortgage, and after entry by a subsequent grantee, the mortgagee demanded of him payment of the arrears, threatening to sue for possession under the mortgage, unless payment was made; whereupon, to save the expense of a suit, the grantee purchased the right of the mortgagee, and took from him a quit-claim deed. This was held to be a sufficient breach to entitle the grantee to maintain his action on the covenant of warranty. In the later case of *Easterbrook* v. *Smith*, 6 *Gray* 572, the same court re-affirmed the doctrine of the case last cited, holding that a claim of paramount title under a mortgage, with a threat of eviction if the amount due on it be not paid, constitutes a breach of the covenant to warrant and defend. In *Loomes* v. *Bedell*, 11 *N. H.* 74, it was held that when there was, in fact, a superior title, which was asserted by offering the premises for sale at public auction, and the grantee under the subsequent conveyance yielded to the superior title and purchased it, this assertion of title was a sufficient ouster or disturbance to sustain an action on the covenant of warranty, notwithstanding there was no actual dispossession. The principles announced in these cases have been generally adopted by the courts of this country. It must not be supposed, however, that the existence of paramount title, and the acquisition of it by the covenantee by purchase, of his mere volition, will amount to a constructive eviction sufficient to support an action on the covenant of warranty. To adopt such a principle would be to confound a covenant of warranty with covenants for seizin or against encumbrances, and to disregard the distinction which gives to the former its negotiable quality as an incident of the inheritence, and maintains it as a covenant unbroken, and therefore excludes it from the rule of the common law, that a *chose in action* is incapable of assignment. To preserve the quality of transmissibility in covenants of warranty, the obligation must be

Kellog, ex'r of Kellog, v. Platt, ex'r of Davis.

prospective to be incurred by some act done under the adverse title hostile to the title under which the covenantee holds, either by entry or the bringing of the suit—or at least by its assertion in some way, under such circumstances as shall induce a well founded belief that it will be enforced, under the menace of which the covenantee honestly yields, and he may be said to have suffered an involuntary loss of the possession under his defective title. When a paramount title is asserted by such acts, or under the circumstances mentioned, a constructive eviction takes place, and the covenantee may abandon the possession, or purchase in the adverse title, and retain his remedy upon the covenant of warranty. The authorities sustaining this view of the nature and obligation of covenants of warranty are collected in *Rawle on Covenants, p.* 265 to 300; *Loomes* v. *Bedell,* 11 *N. H.* 74; *Sprague* v. *Baker,* 17 *Mass.* 586; *Esterbrook* v. *Smith,* 6 *Gray* 572.

It is obviously a question of fact whether the possession of the covenantee has been transferred from his older title to the newer and better title which he has acquired by purchase, under such circumstances as that he may be said to have suffered an involuntary loss of possession, tantamount to an eviction therefrom. An eviction by title paramount must be averred; but no formal words are prescribed with which the averment shall be made. The facts and circumstances which afford the evidence of an eviction should not be spread upon the record by the pleader. It is an established rule, that all things should be pleaded according to their legal effect. In this respect the declaration, in both its counts, is defective; but the defect is not fatal on general demurrer, if the matters of fact averred, in substance, show an eviction sufficient to amount to a breach of the covenant relied on. For defects and irregularities of this character, if their tendency is to prejudice, embarrass, or delay a fair trial, the party may have his remedy by motion to strike out the pleading. *Nix. Dig.* 737, § 144.* The demurrer admits the truth of the

*\*Rev., p.* 868, ? 132.

facts alleged. The averments in the breach, in the second count, of the assertion of paramount title, hostilely, to which the deceased yielded by the consent and direction of the covenantor, show that the transfer of possession was made at the instigation of the covenantor, with a view to his obligation under his covenant of warranty, and he is estopped from denying the legal effect of a line of conduct that was pursued by his own directions.

Judgment on the demurrer for the plaintiff.

The CHIEF JUSTICE, and Justice DALRIMPLE concurring.