GEORGE KUNTZMAN

*v.*

HARPER B. SMITH et al.

[Decided March 22d, 1910.]

1. The right of a senior mortgagee on the foreclosure of the junior mortgage is the right to foreclose, and not the right to redeem.

2. The court in a suit to foreclose a purchase-money mortgage brought by the mortgagee against purchasers from the mortgagor may not order a stay until the mortgagee has procured releases that will perfect the title to the land which he conveyed to the mortgagor by deed containing the usual covenants of warranty and seizin.

3. The covenant of seizin is broken, if at all, as soon as made.

4. The right of action for breach of covenant of seizin is in the grantee, and not in one claiming under him.

5. The covenant of seizin is not broken by the existence of easements or encumbrances not striking at the technical seizin of the purchaser, and a mortgage or an expectant right of dower does not affect the covenant.

6. A covenant of warranty runs with the land.

7. A breach of covenant of warranty does not arise unless there has been eviction by title paramount or by action brought.

*Mr. Joseph Kaighn,* for the demurrant.

*Mr. Eli H. Chandler, contra.*

STEVENS, V. C.

This is a demurrer to a cross-bill. The original bill seeks to foreclose a mortgage made by Townsend Herbert to complainant in 1897. It is not pretended that this mortgage was not made as alleged or that it has been paid. The defence, by way of cross-bill, is that complainant, Kuntzman, on August 31st, 1897, was the owner of the property; that he, on that day, conveyed it to Townsend Herbert; that Herbert executed a purchase-money mortgage to Kuntzman for part of the price, and that at the time of the conveyance, Kuntzman's title was defective in two particulars—*first,* in that there existed against it inchoate rights of dower; *second,* in that there was outstanding a mortgage for $845, not foreclosed in the suit in which Kuntzman acquired title, and in whose owner (Ringe) there existed therefore a right of redemption. If the date of this last-mentioned mortgage is correctly given (1893), what Ringe really has, however, if his mortgage be unpaid, is a right to foreclose and not a right to redeem, for the cross-bill alleges that the mortgage through which Kuntzman derived title was made in 1895, while Ringe's was made two years before. The cross-bill further alleges that Kuntzman having such defective title conveyed to Herbert "by deed (so the allegation is) containing the usual full covenants of warranty and seizin in fee-simple." There is then the further allegation that Townsend "likewise" (whatever that word may imply) conveyed to Julia Herbert (without saying by what sort of a deed), and that Julia Herbert "likewise" conveyed to Wahl, and that Wahl "likewise" conveyed to Smith, the complainant in the cross-bill.

On this somewhat slender foundation, the cross-bill insists that by reason of the covenants contained in the complainant's, Kuntzman's deed, complainant "is liable to these answering defendants [the complainants in the cross-bill] to pay off, settle or otherwise procure an extinguishment of said liens and claims,"

and that they are ready to pay complainant any and all sums found to be due "as soon as the liens and claims herein set forth are extinguished and canceled."

Apparently, the pleader's idea is, not that the court should ascertain the damages arising out of any breaches of covenant contained in the Kuntzman deed and offset them against the amount due on the mortgage, but that it should order a stay until complainant has procured releases that would give a perfect title. It is needless to say that no such relief can be given.

The covenant of seizin is broken, if at all, as soon as made. *Chapman* v. *Holmes, 10 N. J. Law (5 Halst.) 20; Carter* v. *Denman's Executors, 23 N. J. Law (3 Zab.) 260.* If there is any right of action, it is in Herbert, not in defendant. Besides, "it is well settled," says Rawle, in his book on *Covenants* (at *p. 63*),

> "that the covenant for seizin is not broken by the existence of easements or encumbrances which do not strike at the technical seizin of the purchaser. * * * So with respect to a judgment, a mortgage, or the expectant right of the wife to dower, however much these may operate as a breach of the covenant against encumbrances, they do not affect the covenant for seizin since a judgment, or right of dower do not operate to divest the technical title or seizin of the grantor, and a mortgage, although in strictness it purports to pass the legal title, yet is almost universally regarded at the present day as a mere security for the payment of the debt."

As to the covenant of warranty, which runs with the land, it is not alleged that there has been either eviction by title paramount or action brought, consequently no breach of covenant has been shown. *Carter* v. *Denman, supra; Kuhnen* v. *Parker, 56 N. J. Eq. (11 Dick.) 286.*

I think the demurrer to the cross-bill should be sustained.