160 N.J. Super. 471 (1978)
390 A.2d 639
ROBERT D. SPIEGLE, PLAINTIFF-RESPONDENT,
v.
W. ELMER SEAMAN, SR., AND EMMA T. SEAMAN, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1978.
Decided June 29, 1978.
*475 Before Judges LORA, SEIDMAN and MILMED.
Mr. Brant S. Collins argued the cause for appellants (Messrs. Tanner & Tanner, attorneys).
Mr. Michael J. Sweeney argued the cause for respondent (Messrs. Dietz, Allen & Sweeney, attorneys; Mr. Robert E. Dietz on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Defendants W. Elmer Seaman, Sr., and Emma T. Seaman, his wife, appeal from a final judgment entered in favor of plaintiff Robert D. Spiegle for $7,695 plus interest in the amount of $2,867.40. The judgment followed a nonjury trial of plaintiff's complaint charging defendants with breach of warranty in connection with the sale to him of a tract of land in Union Township, Ocean County.
The lands in suit were acquired by defendants in 1961 and sold by them to plaintiff on December 6, 1963 for $18,000. The conveyance was by a "plain warranty" deed which contained the following description:
ALL that tract or parcel of land and premises, situate, lying and being in the Township of Union, County of Ocean and State of New Jersey.
BEGINNING at the point of beginning of a tract of 770 acres, being the second tract in deed from Township of Union to Raymond D. Kelly and wife, dated June 10, 1949 and recorded in Deed Book 1326, page 348, said point being in the Northerly side of the straight road from Cedar Bridge to Barnegat and runs along the first line *476 of said tract North 14 degrees 42 minutes West 1690 feet more or less to a point in the middle of N.J. State Highway Route S40 and runs along the middle of said highway thence (2) South 60 degrees 35 minutes East 2,532 feet more or less to the 8th corner of lands conveyed by Raymond D. Kelly and wife to Yves Nedellec, et al, in Deed Book 178 page 301 thence (3) South 82 degrees 58 minutes West 374 feet to an old stone thence (4) South 6 degrees 32 minutes East 718 feet to a stone at the intersection of the Warren Grove road with the straight road from Cedar Bridge to Barnegat and runs thence (5) along the Northerly side of the straight road from Cedar Bridge to Barnegat North 75 degrees 42 minutes West 1,536.05 feet to the point and place of beginning.
EXCEPTING therefrom so much of the following tracts as may be included in the above, as follows;  91 25/100 acres part of 161 13/100 acres returned to the Executors of John Rattoone, deceased, June 2, A.D. 1824 recorded in the Surveyor General's Office at Perth Amboy in Book S 20, Page 95; 90 25/100 acres part of 175 38/100 acres returned to Robert Boggs, December 22, A.D. 1828, recorded in said Office in Book S 20, page 295; 7 25/100 acres part of 50 86/100 acres returned to the heirs and assigns of Edward Taylor, recorded in Book S 20, page 170 and 275 acres formerly conveyed by John Rutherford, Andrew Bell and James Parker to John Collins, John Tilton and others. [Emphasis supplied]
Subsequently plaintiff contracted to sell a portion of the premises in question for $240,000. A title search uncovered a cloud on the title, as a result of which a policy of title insurance could not be obtained and the prospective purchaser refused to consummate the transaction. Plaintiff thereupon filed the complaint involved herein seeking damages. He alleged that he had received from defendants a "full warranty deed whereby the grantors * * * warranted the title to such premises to be free and clear of any and all liens, encumbrances and claims of any sort and description and that the title thereto was marketable." He asserted a breach of that warranty. In their answer defendants, among other things, denied that the conveyance to plaintiff had been by full warranty deed. They alleged that they "at no time warranted anything other than that which was described in the contract of sale and warranty deed."
At the trial, plaintiff maintained, more specifically, that defendants had breached their warranty by selling to him *477 44 acres of land of which 29.5 acres were not owned by them. The position taken by defendants was that the disputed acreage was within one of the exceptions contained in the deed description and that "the warranty does not apply because we are not warranting title to anything lying within the exception." They contended that their intention was to convey only that acreage which they owned. At the conclusion of the trial the trial judge issued a letter opinion in which he found as a fact that defendants did not have title to 29.5 of the 44 acres and also that the exception on which defendants relied did not relate to the acreage in dispute. He accordingly found "a breach of warranty of title on the part of the defendants herein." At a later date, after hearing further testimony on the issue of damages, the trial judge ordered the entry of the judgment which is the subject of this appeal. The amount of the award is not an issue on the appeal.
Defendants contend that the trial judge "erroneously entered judgment based on a breach of warranty," in that a covenant of warranty is breached only when there is an eviction, actual or constructive, under a paramount title, and that there was no evidence before the court "which would support an eviction necessary to allow judgment under a warranty deed." They contend, further, that plaintiff "failed to show by a preponderance of evidence that there was any defect in the title granted to plaintiff by defendant." As to the first contention, plaintiff's response is that "defendant failed to assert his defense of failure to state a claim upon which relief can be granted at trial and cannot now raise it on appeal." He argues, with respect to the second contention, that defendant "failed to challenge adequately the admissability [sic] of either plaintiff's or plaintiff's expert testimony below, and cannot do so on appeal," and that "the trial judge could have found in favor of the theories of equitable fraud or equitable misrepresentations which were plead [sic] and proved."
*478 We deal first with defendants' assertion that a defect in the title had not been established by a preponderance of the evidence. Preliminary, we find no merit in defendants' argument that the proofs were deficient because plaintiff was not competent to testify as an expert in the field of title searching. The trial judge found plaintiff sufficiently qualified to testify to the title examination he had made on the basis of plaintiff's explanation of his prior experience in the searching of titles. The determination of a witness' competence to testify as an expert is within the sound discretion of the trial judge, the exercise of which will not be lightly set aside on review. Rockland Elec. Co. v. Bolo Corp., 66 N.J. Super. 171, 175 (App. Div. 1961). The trial judge here did not mistakenly exercise his discretion in that regard.
Beyond this, we are entirely satisfied that there was sufficient evidence in the record to support the finding of defective title. While there is no reference to acreage in the deed in question, it is not in dispute that the area encompassed by the metes and bounds description, less a portion lying in the bed of a public road, amounted to approximately 44 acres. It is delineated on the sketch appended to this opinion. The title problem arises from the existence of a larger tract of 266.59 acres, depicted on the sketch by broken lines, part of which overlaps that which is contained within the metes and bounds description.
Plaintiff sought to prove at the trial that title to the 266.59-acre tract, including the overlapping portion of 29.5 acres, was outstanding in others. He said that his study of the exceptions recited in the deed indicated that three of them did not affect the metes and bounds description, but apparently related to earlier conveyances out of an original 770-acre tract which included the property here in question. He said further that he had endeavored without success to identify the fourth exception, described merely as "275 acres formerly conveyed by John Rutherford, Andrew Bell and James Parker to John Collins, John Tilton and others." *479 He was unable to locate any deed referable to the excepted area in his search of the records in the county clerk's office in Ocean, Monmouth and Burlington Counties. However, he located a drawing of the 275-acre tract in the office of the Board of Proprietors of the Eastern Division of New Jersey, but he found no evidence there of the tract's "even having been severed from the Board of Proprietors." Further research disclosed an 1836 deed in Book S22 of the Board of Proprietors, at page 153, which "conveyed from, or severed out of, the Board of Proprietors [a 266.59 acre tract] from Samuel Newall, Thomas De Bow, and Francis W. Brimley to the same parties in their own name." In 1838 these persons conveyed the tract to John Tilton, Daniel Camburn, Moses Hedley, Jeremiah Predmore and Amos Birdsall. The deed was recorded on May 1, 1860, in Book 19 of Deeds for Monmouth County, at page 405. Plaintiff stated that he found no record of any subsequent conveyance of that tract or any portion thereof by the grantors. His conclusion "[a]s a result of my search" was that defendants did not own the overlapping portion shown on the appended sketch.
An officer of a title and guaranty company, testifying as an expert on behalf of plaintiff, substantially corroborated the latter's testimony, expressing the opinion that the 266.59-acre tract was not the same as the 275-acre exception.
Defendants produced as their witness the Registrar of the General Board of Proprietors of the Eastern Division of New Jersey. He stated that, other than a plotting, he found nothing in the Board's records indicating a severance or conveyance of the 275-acre parcel to the persons named in the exception. It was his opinion, nevertheless, based on his examination of the maps and the other records, that the "two hundred seventy-five acre tract is one and the same as the two hundred and sixty-six acre exception as referred to in S22-153."
Irrespective of the manner in which defendants have framed the issue or of plaintiff's responses thereto, the question to be resolved is simply whether the finding of the *480 trial judge that defendants' title to the land conveyed was defective could reasonably have been reached on sufficient credible evidence in the record, considering the proofs as a whole. State v. Johnson, 42 N.J. 146, 162 (1964). While defendants endeavored to establish that the 29.5-acre overlap was excepted from the metes and bounds description in the deed and, since they never claimed to own it, they could not have breached any warranty of title in the deed, plaintiff's proofs indicated that the exception did not relate to the tract conveyed and that there was an outstanding title to the 29.5-acre tract. The trial judge considered plaintiff's proofs more convincing than those of defendants. Since they amply supported his finding on the issue, we perceive no valid basis for disturbing it.
We turn now to defendants' further contention that even if their title was defective, plaintiff nevertheless failed to establish a breach of the warranty contained in the deed. The argument which is advanced is that a judgment based on a covenant of warranty of title could have been entered only upon a finding that there had been an eviction, actual or constructive. Plaintiff apparently does not controvert the legal proposition asserted by defendants; he protests that this issue has been raised for the first time on appeal and that it would be unfair to permit "the defendant to completely change his approach."
On the one hand, pursuant to R. 2:10-2, the appellate courts may, in the interest of justice, notice plain error not brought to the attention of the trial or appellate court. On the other hand, it is well settled that appellate courts should decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available, unless the questions or issues so raised go to jurisdiction or concern matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).
It is true that defendants did not urge at the trial the ground now presented to us. Seemingly, they elected to rest their defense upon the deed exception referred to previously. *481 The thrust of their case was that since the acreage in question was not included within that which was conveyed, there was no defect in their title. There is no explanation in the record of why they failed to argue alternatively, assuming defective title, that the warranty contained in the deed had nonetheless not been breached.
However, as we observed in Araujo v. N.J. Natural Gas Co., 62 N.J. Super. 88, 101 (App. Div. 1960), certif. den. 33 N.J. 328 (1960), the rule that parties must adhere to the theory of law pursued in the trial court is not an inflexible one; "where it is necessary to determine propositions not raised below in order to protect the fundamental rights of a party or to arrive at a proper disposition of the case, substantial justice may require that the scope of inquiry be not thus restricted."
Here, once the trial judge found defendants' title to the tract they conveyed to have been defective, he proceeded immediately to the conclusion that the warranty had been breached, without any analysis of the covenant in the deed or other explanation. In fairness to the trial judge, we should note that it was defendants' obligation to come forward with a presentation of their legal and factual position regarding the warranty and what would constitute a breach thereof. They failed to do so. However, the issue was not foreign to the pleadings. As indicated earlier, defendants in their answer specifically denied plaintiff's averment that the deed was one of "full warranty" whereby the grantors "warranted the title to said premises to be free and clear of any and all liens, encumbrances and claims of any sort and description and that the title thereto was marketable." Plaintiff had the burden of proving a breach of warranty. Proof of defective title would not lead automatically to a finding of such breach. Whether there had been a breach necessarily depended upon the nature and scope of the warranty contained in the deed. Since the document was in evidence, a mere perusal of it would have disclosed, contrary to plaintiff's assertion, that it plainly was not a *482 full covenant warranty deed, but was limited to a single covenant.
A full covenant warranty deed is one which contains covenants (1) of seizin, (2) of right to convey, (3) against encumbrances, (4) of further assurance, (5) of quiet enjoyment, and (6) of warranty. 21 N.J. Practice (Ackerson-Fulop-Lodge, Skills and Methods) (2 ed. 1973), § 2102 at 98.
In a covenant of seizin, the representation is that the grantor, at the time of delivery of the deed, "was seized in his own right of an absolute and indefensible estate of inheritance in fee simple, of and in all and singular the premises thereby granted, with the appurtenances." N.J.S.A. 46:4-3. A breach exists "when the grantor is proved to have had less than the `very estate in quantity and quality which he has purported to convey.'" 6 Powell, Real Property (1977 rev.), § 905 at 268.14. By the similar covenant of the right to convey (N.J.S.A. 46:4-4), the commitment is that the grantor has the authority to convey the premises. The covenant against encumbrances is self-explanatory. See N.J.S.A. 46:4-5. The undertaking by a grantor in a covenant of further assurance is to execute such instruments or to perform such acts as may be required in the future to make good title. 21 N.J. Practice, op. cit., § 2105 at 102. A covenant of quiet enjoyment is a representation by the grantor that the grantee and his assigns "will quietly enjoy possession of the premises, free from any claim or actions by other persons." Id., § 2106 at 103. This covenant is generally treated as identical in scope and in operation with a covenant of warranty. Powell, op. cit., § 898 at 268.28. Under a covenant of warranty, the covenantor agrees "to compensate his grantee for any loss which he may sustain by virtue of a failure of the title which the deed purports to convey." Powell, op. cit., § 908 at 268.22. The obligation of the grantor is to warrant and defend the property conveyed "against the claims and demands of all persons whomsoever." 21 N.J. Practice, op. cit., § 2107 at 103. See N.J.S.A. 46:4-7 and 46:4-8.
*483 The deed in this case contained a single covenant, which was clearly one of warranty:
AND the said party of the first part, for himself, his heirs, executive and administrators does by these presents covenant, grant and agree to and with the said party of the second part, his heirs and assigns, that he the said party of the first part, his heirs, all and singular the hereditaments and premises herein above described and granted, or mentioned and intended to be so, with the appurtenances unto the said party of the second part, his heirs and assigns, against him the said party of the first part, his heirs, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof. SHALL and WILL WARRANT and forever DEFEND.
Covenants of seizin, the right to convey, and freedom from encumbrances, if not true, are broken as soon as made. Carter v. Denman's Ex'rs, 23 N.J.L. 260, 270 (Sup. Ct. 1852). But the covenants that the grantee shall quietly enjoy, and that the grantor will warrant and defend the title, are prospective, and an eviction or disturbance of possession is necessary to constitute a breach of them. Id. See also, Kuntzman v. Smith, 77 N.J. Eq. 30, 32 (Ch. 1910).
And to maintain an action on the covenant of warranty or for quiet enjoyment, it is not enough that there is a defect of title, or that the grantor had not a right to convey, or that there are outstanding encumbrances. There must be an eviction, or what is tantamount to an eviction, by title paramount to the plaintiff's, originating before or at the time of the grant to the plaintiff. [Carter v. Denmam's Ex'rs, supra, 23 N.J.L. at 271.]
In Sandler v. N.J. Realty Title Ins. Co., 36 N.J. 471 (1962), the court said:
A covenant of seizin is breached if a good title in fee simple absolute, with right of possession, is not in the grantor when the deed is delivered. To succeed in a suit for such breach, the covenantee is required to prove only a defect in the covenantor's title. A covenant of warranty, on the other hand, is breached only when there is an eviction, actual or constructive, under a paramount title. [at 485]
As to what constitutes such eviction, actual or constructive, see Sandler v. N.J. Realty Title Ins. Co., supra at 485-486; *484 Kellog, Ex'r of Kellog, v. Platt, Ex'r of Davis, 33 N.J.L. 328, 331-336 (Sup. Ct. 1869); Camden Cty. Welfare Bd. v. Federal Dep. Ins. Co. 1 N.J. Super. 532, 554-555 (Ch. Div. 1948): Greenwood v. Robbins, 108 N.J. Eq. 122, 123-124 (Ch. 1931). While earlier cases required the eviction to be actual, it is now sufficient if the covenantee surrenders possession voluntarily or involuntarily to the holder of the paramount title, or avoids dispossession by buying that title or is unable to take possession. Powell, op. cit., § 908 at 268.24-268.25. See Sandler v. N.J. Realty Title Ins. Co., supra 36 N.J. at 485-486; Kellog, Ex'r of Kellog v. Platt, Ex'r of Davis, supra at 333.
It is to be noted that the opening sentence in the trial judge's letter opinion described the suit as one "alleging a breach of warranty of title." We suppose that the trial judge was thus cognizant of the precise nature of the covenant contained in the deed. The issue in this case was not merely whether defendants' title was defective. Central to defendants' liability to respond in damages to plaintiff was the further and crucial issue of whether there had been a resultant breach of that warranty. The trial judge here assumed that the title defect without more constituted such breach. This, however, was contrary to long-established decisional law on the subject. We are convinced that the trial judge's omission to recognize the limited nature of the covenant involved and to apply the law pertinent thereto was plain error which adversely affected the substantial rights of defendants and had a clear capacity to bring about an unjust result.
The matter must therefore be remanded for a new trial on the issue of breach of warranty. If plaintiff, as indicated at oral argument, is prepared to offer proofs establishing a constructive eviction, and thus a breach of the warranty of title, he will have the opportunity to do so on the remand. He may also pursue at that time, if he can, his additional contention that the trial judge "could have found in favor of the plaintiff on the theories of equitable fraud or *485 equitable misrepresentations which were plead [sic] and proved." But cf. Camden Cty. Welfare Bd. v. Federal Dep. Ins. Co., supra 1 N.J. Super. at 557-558.
Reversed and remanded for further proceedings consistent with the foregoing We do not retain jurisdiction.