Argued and submitted October 20, affirmed in part,
reversed in part December 15, 1980

# HBL RESTAURANTS, INC.,
### *Respondent,*
### *v.*
# COOPER,
### *Appellant.*

## (No. 202381, CA 17490)

620 P2d 961

Thomas E. Laury, Portland, argued the cause for appellant. With him on the brief was Buccino & Uffelman, Portland.

John Spencer Stewart, Portland, argued the cause for respondent. On the brief were Elizabeth Yeats, Paul R. Meyer, and Kobin & Meyer, Portland.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

This forcible entry and detainer (FED) action relating to commercial premises was tried to the court. Defendant lessee appeals from the judgment restoring possession of the premises to plaintiff, and contends that the trial court erred (1) by striking his affirmative defense of equitable estoppel, (2) by granting restitution of the premises without taking any evidence, and (3) by awarding attorney fees to plaintiff. We reverse the award of attorney fees (which plaintiff concedes was erroneous, *Owen J. Jones & Son, Inc. v. Gospodinovic,* 46 Or App 101, 108, 610 P2d 1238 (1980)) and affirm the remainder of the judgment.

The essential facts are as follows: In late February, 1980, plaintiff filed suit against defendant seeking termination of defendant's restaurant lease and the appointment of a receiver pending the outcome of the litigation. A show cause hearing for the appointment of a receiver was set for March 10, 1980, and was continued until March 18.

The lease between plaintiff and defendant provides that rent is due the first day of each month. Defendant admits that he did not tender the full amount of the March rent until March 19, 1980, following the receivership hearing, but before any determination thereon. Plaintiff refused the tender, and in fact had commenced this FED action on March 17th. Defendant contends that because he would not have owed plaintiff any rent if the premises were placed in receivership, he was entitled to withhold payment of rent pending outcome of the hearing for the appointment of a receiver. He asserts that under these facts, principles of equitable estoppel preclude plaintiff from claiming nonpayment of rent in this FED action.

The trial court properly struck defendant's estoppel defense. Defendant did not allege that he relied on the pendency of the outcome of the pending receivership litigation in withholding payment of the March rent, or that he had the right to rely thereon. Both elements are essential to a claim of estoppel. *Willis v. Stager,* 257 Or 608, 619, 481 P2d 78 (1971).

■ ■ Defendant's final claim is that the trial court erred by granting restitution of the premises without taking any evidence. Defendant admitted through allegations in his answer that he did not tender payment of the March rent timely, *see Moore v. Drennan,* 269 Or 189, 193, 523 P2d 1250 (1974), citing *Marsh v. Davidson,* 265 Or 532, 537, 510 P2d 558, 560 (1973), and defendant did not attempt to offer any evidence on the question of timely payment of rent. Defendant acquiesced in the court's treatment of the case after the affirmative defenses were struck. The court asked defense counsel what would be a reasonable length of time for defendant to quit the premises, and counsel asked only that defendant be allowed to remain until April 30. Defendant did not request the right to present any testimony or to make an offer of proof. Matters not presented to the trial court will not be considered on appeal, absent special circumstances. *Travellers Indemn. v. American Ins.,* 278 Or 193, 199, 563 P2d 684 (1977).

Affirmed in part, reversed in part.