QUEEN ESTA ROWELL AND EDWARD ROWELL, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. WOLF SLUZAK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 6, 1985—Decided December 12, 1985.

Before Judges GAULKIN, DEIGHAN and STERN.

*Andrew J. Cevasco* argued the cause for appellant (*Breslin, Herten and Le Pore,* attorneys).

*Robert R. Carey* argued the cause for respondents (*Horowitz, Bross, Sinins & Imperial,* attorneys).

PER CURIAM.

Plaintiff Queen Esta Rowell was driving her automobile when she was hit by a car owned and operated by defendant. The accident occurred in New Jersey. Plaintiff resides in New York, where her automobile was registered and insured; defendant resides in New Jersey, where his car was registered and insured. Plaintiff and her husband brought this action to

recover damages. At trial, plaintiff was permitted to present evidence in support of her claim for lost wages. The jury awarded damages of $10,000 for plaintiff's injuries and $40,000 for her future lost wages; the jury also awarded $2,000 to plaintiff's husband. The trial judge molded the awards to reflect the jury's attribution of 40% negligence to plaintiff. On this appeal from the judgment, defendant urges that "the language of and policy underlying the no-fault law require that plaintiff not be awarded damages for lost wages recoverable as first party benefits."

The parties agree that the issue thus raised is precisely that addressed in *Lattimer v. Boucher*, 189 *N.J.Super.* 33 (Law Div.1983). There too the plaintiffs were New York residents whose car was registered and insured in New York, the defendant was a New Jersey resident driving a vehicle registered and insured in New Jersey and the accident occurred in New Jersey. The question presented in *Lattimer* was "whether New Jersey law or public policy requires [application of] the ... evidentiary prohibition [of *N.J.S.A.* 39:6A–12] when the action involves a New Jersey accident, a New York plaintiff and a New Jersey defendant." *Id.*, at 35. Judge Williams concluded that the evidentiary prohibition does not apply in that setting.

We need not replicate the analysis set forth at length by Judge Williams in his thorough and thoughtful opinion in *Lattimer.* Suffice it to say that we find ourselves entirely in agreement with the reasoning and result of *Lattimer* and accordingly hold that plaintiff here was correctly allowed to present evidence in support of her lost wage claim and that the award of future lost wages was not interdicted by either New Jersey or New York law. *Cf. Lisi v. Parnell*, 201 *N.J.Super.* 321 (App.Div.1985). We add only that the Legislature has since enacted *N.J.S.A.* 39:6A–9.1 to permit a PIP carrier "to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection coverage, other than for pedestrians"; that provi-

sion, which parallels *N.Y. Insurance Law,* § 5104(b), is consonant with the *Lattimer* holding. *Cf. Cirelli v. Ohio Cas. Ins. Co.,* 72 *N.J.* 380, 387–88 (1977).[1]

Defendant also urges that the trial judge "erred in qualifying Dr. Goldberg as an expert on the issue of employment and disability." The witness' competence to testify was a matter entrusted to the sound discretion of the trial judge. *Spiegle v. Seaman,* 160 *N.J.Super.* 471, 478 (App.Div.1978); *Evid.R.* 56(2). We find no reason to interfere with the judge's exercise of discretion in this matter.

The judgment is accordingly affirmed.

---

1 A 1984 recodification of the New York no-fault law made no substantive change in the provisions discussed in *Lattimer.* *N.Y. Insurance Law,* §§ 5102(a), 5103(e), 5104(a) and 5104(b). *N.J.S.A.* 39:6A–12 was itself amended by *L.* 1983, *c.* 362, but that amendment did not disturb the evidentiary prohibition except to accommodate *N.J.S.A.* 39:6A–9.1.