759 P.2d 876

Iven RICKEL and Mabel Rickel, husband and wife; Iven Y. Rickel, Jr. and Laverne Rickel, husband and wife; Robert H. Rickel and Suzanne Rickel, husband and wife; and Jerry Rickel, III, and Dona Rickel, husband and wife, Plaintiffs–Respondents,

v.

ENERGY SYSTEMS HOLDINGS, LTD., fka Energy Systems Pacific, Ltd., a Hong Kong corporation; Ruth Drury, a single woman; Dean Copsey and Linda A. Copsey, husband and wife; Connie M. Smith and John Doe Smith, husband and wife; Everett M. Platt, Jr., and Jane Doe Platt, husband and wife; and Harry J. Lech and Teresa A. Lech, husband and wife, Defendants–Appellants,

and

William A. Dole and Marian J. Dole, husband and wife, Defendants.

No. 16315.

Supreme Court of Idaho.

April 26, 1988.

Sims, Liesche & Newell, P.A., Coeur d'Alene, for defendants-appellants. Michael J. Newell, argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for plaintiffs-respondents. Janet D. Robnett, argued.

SHEPARD, Chief Justice.

This is an appeal from a summary judgment in favor of plaintiffs-respondents Rickels and the court's order of a judicial foreclosure resulting from a default in a land sale installment contract. We reverse and remand for further proceedings.

The Rickels as vendors, and appellant Energy Systems as purchasers, entered into a contract in August 1978 for the purchase of 2,214 acres of land near Athol, Idaho. The total purchase price was recited therein as $2,187,000.00.

A "down payment" of $600,000.00 was scheduled to be paid in four installments and was ultimately paid, but not until the third and fourth installments were the subject of default proceedings.

Thereafter the contract provided for 15 annual installments of $185,409.20 which constituted payment on the principal and interest charged at eight percent per annum. Said payments were due each November 1 until November 1, 1993. The first installment due on November 1, 1979 was not paid, and again a default action was initiated. The parties thereafter agreed to defer that installment until November 1, 1994, with an interest payment of ten percent ($18,509.00) due each November 1. Such agreement between the parties then required the installment payment due each year to be $203,945.00.

When the November 1, 1981 payment was past due and owing, a default action was again initiated. The parties then agreed that the 1981 installment payment would be continued and those payments were ultimately made in January and February of 1982. The installment payment due November 1, 1982 was paid, but again only after default proceedings were initiated. The installment payment due November 1, 1983 was paid on December 16, 1983. Thereafter no further installment payments were made.

When the installment payment due November 1, 1984 was not made, the present action was instituted. Upon motion the court granted a summary judgment in favor of Rickels for the sum of $1,685,197.00 (the entire remaining unpaid amount of the contract), together with costs and attorney fees. The court found such amount to be a lien on the property in favor of the Rickels and ordered a judicial sale of the property to foreclose that lien. At the sale the Rickels purchased the property by bidding the amount of that lien. The Rickels were then placed in possession of the property, and insofar as the record indicates remain in possession of the property today. It is asserted that Energy Systems had not only failed to make the installment payments, but also had failed to pay the real estate taxes and failed to maintain and insure the property. Since being placed in possession the Rickels have paid the real estate taxes and maintained and insured the property.

It is asserted for the first time on this appeal that the land sale contract in question here did not contain an acceleration of payments in the event of default by the purchaser. In short, Energy Systems contends that at the time of the summary judgment it was in default and there was owing under the terms of the contract only the sum of approximately $400,000.00. Since the contract did not contain an acceleration clause, the district court erred in entering judgment in favor of the Rickels for the entire unpaid balance of the contract amount. We agree that the contract did not contain an acceleration clause, and hold that the trial court erred in entering its judgment for the *then* entire balance of the contract amount.

Energy Systems presented no evidence by way of affidavit or otherwise to controvert any of the evidence of the Rickels. Energy Systems did not take any steps to advise the trial court that it considered the amount of the judgment to be erroneous, but rather makes that assertion for the first time upon this appeal. Insofar as the record indicates, Energy Systems did not appear or attempt to bid at the sale. There is no indication that Energy Systems has at any time up to the present tendered to Rickels or into court any sum of monies representing the sums due, owing and unpaid. At the time of the entry of summary judgment, Energy Systems was further in default of the 1985 annual payment. As of this time Energy Systems is further in default of the 1986 and 1987 annual payments. On this appeal Energy Systems makes no attempt to controvert the above facts. On this appeal Energy Systems makes no assertion that it is ready, willing and able to cure the default and pay to the Rickels or into court the sums which the contract provides are due and owing to the Rickels for the installment payments for 1984, 1985, 1986 and 1987.

This Court is thus faced with the alternative of (1) ruling that issues not raised at the trial court will not be considered on appeal, *Gardner v. Evans*, 110 Idaho 925, 719 P.2d 1185 (1986); *Baldner v. Bennett's Inc.*, 103 Idaho 458, 649 P.2d 1214 (1982); or (2) holding that in view of the absence of an acceleration clause in the land sale contract, this Court will exercise its discretion to consider issues not raised at the trial level due to the existence of special circumstances. *See Ames v. Sears Roebuck & Co.*, 8 Conn.App. 642, 514 A.2d 352 (1986); *Dowsett v. Cashman*, 2 Hawaii App. 77, 625 P.2d 1064 (1981); *HBL Restaurants, Inc. v. Cooper*, 49 Or.App. 759, 620 P.2d 961 (1980); *Yerke v. Batman*, 176 Ind.App. 672, 376 N.E.2d 1211 (1978); *Spiegle v. Seaman*, 160 N.J.Super. 471, 390 A.2d 639 (1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976); *Byrd v. O'Neill*, 309 Minn. 415, 244 N.W.2d 657 (1976).

We exercise our discretion to consider the issue raised albeit that issue was not presented to the trial court, and hence the trial court had no opportunity to rule thereon. We so exercise our discretion, not only on the basis of what we perceive to be some special circumstances, but also on our clearly stated assumption that the instant appeal is taken by Energy Systems in good faith and not for the purposes of delay or harassment. That assumption is reflected in the conditions stated infra in our remand to the district court.

■ Energy Systems also asserts that the trial court erred in ordering a judicial foreclosure sale and implicitly argues that regardless of the amount found due, owing and unpaid under the terms of the contract, the remedy of judicial foreclosure sale would have been improper. We disagree and find no merit to that position. In cases involving title retaining land sale installment contracts, the Court has sometimes been in disagreement concerning *forfeiture* of the purchaser's installment payments, although such procedures may be authorized in the contract. *See Thomas v. Klein*, 99 Idaho 105, 577 P.2d 1153 (1978); *Ellis v. Butterfield*, 98 Idaho 644, 570 P.2d 1334 (1977); *Walker v. Nunnenkamp*, 84 Idaho 485, 373 P.2d 559 (1962); *Graves v. Cupic*, 75 Idaho 451, 272 P.2d 1020 (1954). However, it is clear that a judicial foreclosure sale of the property is always an available remedy to a trial court and may well be the most equitable remedy. *Thomas v. Klein, supra.* As stated by Bistline, J. in his concurring and dissenting opinion in *Thomas v. Klein, supra:*

> Primarily, though, I have always been of the view that in nearly all of these contract cases, * * * the only practical solution, and a just one, is that equity settle the matter by a judicial sale. * * * Generally when fairness and the equities of a case so dictate, courts have the *inherent power* to order that property subject to an installment land sale contract be sold by judicial sale. (Emphasis in original.)

In the instant case the remedy of judicial sale was, and is, proper. Thereby the purchaser is enabled to protect his position, and the vendor's position is also protected. The inequity, if any in the instant case, is that the purchaser was unable to protect his position except by tendering the entire

contract amount or by bidding such amount at the sale when under the terms of the contract at the time of summary judgment the purchaser was delinquent only to the extent of two installment payments.

We reverse and remand to the district court for further proceedings. The district court is instructed to determine the amounts then due, owing and unpaid, and enter summary judgment in that amount. The district court is further instructed to, by order, permit Energy Systems a reasonable time, not to exceed 120 days, to remedy its default and tender such amount into court. In the absence of such payment made in timely fashion, the district court is directed to again order the imposition of a lien on the property, and the foreclosure of that lien by judicial sale. In the absence of compliance by Energy Systems the district court is directed to consider whether this appeal and the further proceedings upon remand have been pursued by Energy Systems in good faith or for the purpose of delay and harassment. In the event the district court concludes that this appeal and any subsequent proceedings upon remand were not brought and pursued in good faith the court is authorized to award Rickels attorney fees upon this appeal, and upon the remand proceedings.

Under the exceptional circumstances no costs on appeal are awarded to Energy Systems.

HUNTLEY, J.; concurs.

BAKES, J., concurs in result.

DONALDSON, J., sat, but did not participate in voting due to his untimely death.

BISTLINE, Justice, specially concurring.

I am in agreement with the judgment of this Court reversing the judgment of the lower court. I am also in agreement with the view of the Chief Justice that the absence of an acceleration clause precluded the entry of judgment for an amount over and beyond the payments and obligations which were in default.

Accordingly I concur in the holding that the trial court erred in entering judgment for any amount other than that which was due and owing at the date of entry of judgment. Beyond that I cannot go, because I do not believe that prior to judicial sale the purchaser had any obligation to tender any amount other than what had been adjudged due and owing by the district court's judgment. Above all, I do not agree with giving of specific directions to the district court to govern proceedings on remand, although I do not doubt that they are given with a benevolent intent; 120 days may be a larger time than the seller is contractually required to extend.

Purely by way of comment, because it is not an issue, I question the advisability of the district court's resolution of this controversy on a motion for summary judgment. The suggestion strongly appears that such a procedure resulted in the district court taking the cause under advisement without either party bringing to its attention the absence of an acceleration clause in the contract, and accordingly was brought into error in entering a judgment which encompassed payments due and unpaid—plus the unmatured balance of the contract purchase price.